GEORGE BLISS and others, Respondents, v. MOSES H. SWARTZ, Appellant.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

The respective agents of the plaintiff and defendant agreed, on their behalf, that the defendant should pay a part of his indebtedness to the plaintiff in satisfaction of the whole, partly in cash, partly in the defendant's note. The note of defendant was given, and the defendant's agent gave the draft of his (the agent's) firm, drawn on N. Y. in favor of the plaintiffs, in payment of the cash. *Held*, that the taking of the draft of the agent's firm in part payment was a sufficient consideration for the discharge of the claim, and an action to recover the balance was not maintainable.

*Held*, further, that the giving of this firm draft by the agent could not be regarded as payment of the money of his principal, but was presumptively to advance the funds of his firm.

THIS was an appeal from a judgment upon the decision of the court.

The plaintiffs sued to recover a balance of an account. The defendant denied all indebtedness. The court gave judgment for the plaintiffs for the balance claimed, having found payments on the original indebtedness, in cash and by return of goods upon the amount thereof, of something over $2,000. The court also found as follows, viz.:

Early in May, 1868, Egleson P. Clegg, of Galveston, Texas, on behalf of the defendant, called upon the plaintiffs in the city of New York, and applied to them to accept a composition for their claim against the defendant, informing them that the composition had been or was about to be effected with all his, the defendant's, other creditors. The plaintiff Bliss replied that they would not then accept the proposition.

On or about May 14, 1868, Mr. Clegg had a second interview in reference to the composition with the plaintiff Bliss, when he said that the whole matter was in the hands of Mr. Philip W. Kopper, who was then in Texas; and that whatever he did in reference to compromising their claim

Bliss *v*. Swartz.

against the defendant would be acceptable to the plaintiffs, and that the plaintiff Bliss would do nothing about a compromise in New York.

Mr. Clegg immediately telegraphed the substance of this conversation to his partner, Mr. George Butler, at Galveston, Texas. Subsequently and on June 3, 1868, at Mr. Butler's office in Galveston, Philip W. Kopper for the plaintiffs agreed upon a settlement of their claim against the defendant, which had been reduced by payments on account of the note to $3,659.55, including interest, upon the following terms, viz.: Twenty-five per cent, half cash and half in his note at twelve months; and, in addition thereto, $250 cash added to the cash payment, and fifty dollars added to the note; the cash payment amounted to $707.44; and, to carry out the settlement, Mr. Butler gave Kopper his draft of his own firm in favor of the plaintiffs for $629.25, being the amount of the cash payment, $690.44, to be made on the settlement, less the commissions of his firm. The note of the defendant had been previously placed in the hands of Mr. Butler's firm for collection. The draft of Mr. Butler's firm was drawn on Duncan, Sherman & Co., and was subsequently paid by them. Mr. Butler also delivered to Kopper the note of the defendant, which was for $507.44, at twelve months, and which was paid at maturity by Mr. Butler's firm for the defendant. Mr. Butler, in this transaction, acted for the defendant.

Kopper thereupon gave a receipt to the defendant (his brother acting for him in the transaction), dated June 3, 1868, in full settlement of all claims of the plaintiffs, and surrendered the original note to him.

All that Kopper did in the transaction was authorized by the plaintiffs.

*Jno. E. Parsons*, for the appellant.

*G. A. Seixas*, for the respondents.

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J.   Good faith and fair dealing require that the settlement made by the parties in this case should be upheld, if it can be done consistently with established rules of law.

It cannot be questioned that payment of a portion of a liquidated demand, in the same manner as the debtor was legally bound to pay the whole thereof, although received in satisfaction of the debt, is payment only in part; and that the agreement to receive such part payment in satisfaction is, in effect, one, to give up the residue of the demand, which, being without consideration, is *nudum pactum* and void.   A contrary rule, leaving the matter to the agreement of the parties, would have been a better one; but the law is so settled, and we are not at liberty to change it.   But a debtor may offer anything as a substitute for the money due, whether of less or greater value; and if the creditor take it in satisfaction it is a valid agreement, and the debt is discharged. He may give a chattel worth only one dollar in satisfaction of a debt of a thousand dollars.   The obligation of a third person for any amount operates in the same way to discharge the debt.   These principles are familiar and well settled. (1 Smith Lead. Ca. [444], note to *Cumber* v. *Wane.*)   Applying them to this case, it appears that the parties, through their agents, agreed upon a compromise at Galveston, Texas, whereby the defendant was to pay twenty-five cents on the dollar, and $300 in addition.   Two hundred and fifty dollars was to be paid in cash, and the balance, payable under the agreement of compromise, was to be paid half in cash and half in a note of the defendant at twelve months.   The defendant was not present when this compromise was effected; but it was accomplished by Mr. Butler, a member of a firm to whom the plaintiffs had sent their demand against the defendant for collection, and who appears to have acted for both parties in this transaction.   The negotiation was had with an agent of the plaintiffs specially appointed for the purpose.   Mr. Butler gave the plaintiffs' agent his draft on Duncan, Sherman & Co., of New York, for the amount of

Bliss *v.* Swartz.

the cash payment, after deducting therefrom some commissions due his firm, and the defendant's note for the balance was delivered as agreed; and thereupon the plaintiffs' agent signed a paper acknowledging the receipt of the sum named in the draft and the note, and stating that " the same was in full settlement of their claims against" the defendant.    The compromise agreed upon, therefore, was not literally carried out; but the plaintiffs varied the agreement by taking a negotiable draft, drawn by third persons, payable in New York, instead of cash at Galveston.    If the agreement in terms had been that the plaintiffs should receive this draft in satisfaction of their demand against the defendant, there can be no doubt that the subsequent receipt of the draft, in pursuance of the agreement, would have discharged the debt. (*Boyd* v. *Hitchcock*, 20 J. R., 76, approved 33 N. Y. R., 653; *Sibree* v. *Tripp*, 15 M. & W., 23.)    Such, we think, was, in substance and legal effect, the transaction under consideration, with the exception (which does not affect the principle) that the defendant's note was received in addition to the draft.    There is no basis for the presumption on which the court below seems to have acted, namely, that the giving the draft by Mr. Butler was only a mode of applying the defendant's money in performing the agreement of compromise.    On the contrary, the presumption, arising from the legal effect of the transaction, is that Mr. Butler advanced to the defendant the funds belonging to his firm; and this presumption could be overcome only by evidence to the contrary.

The case, briefly stated, is that the defendants received a negotiable bill of exchange of third persons for a part of the defendants' debt, and defendants' note for another portion, and in consideration thereof discharged the whole debt.

We are of opinion that this was a sufficient consideration to uphold the discharge; and that, for the error of the court below in holding otherwise, there must be a new trial.

This conclusion makes it unnecessary to decide whether

the transaction ought to be upheld as a valid discharge on the ground that it formed part of the general compromise which the defendant effected with his creditors.

New trial granted, with costs to abide the event.